**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**CINCINNATI DIVISION**

| | | |
|---|---|---|
| **TIZANO BROWN,** § | | |
| Individually and on behalf § | Civil Action No. 1:22-cv-00120 | |
| of all others similarly situated § | | |
| § | | |
| *Plaintiff*, § | **JURY TRIAL DEMANDED** | |
| § | | |
| v. § | | |
| § | **COLLECTIVE ACTION** | |
| **MEDICARE GROUP USA, LLC, and** § | **PURSUANT TO 29 U.S.C. § 216(b)** | |
| **GOSTAT, LLC** § | | |
| § | | |
| *Defendants.* § | | |

## ORIGINAL COLLECTIVE ACTION COMPLAINT

Plaintiff, Tizano Brown, brings this action individually and on behalf of all current and former salaried Sales Representatives and Insurance Agents (hereinafter "Plaintiff and the Putative Class Members") who worked for MEDICARE GROUP USA, LLC ("MGU"), and GOSTAT, LLC ("GOSTAT") (collectively "Defendants") at any time during the relevant statutes of limitation through the final disposition of this matter, to recover compensation, liquidated damages, and attorneys' fees and costs pursuant to the provisions of Sections 206, 207 and 216(b) of the Fair Labor Standards Act of 1938, as amended 29 U.S.C. § 216(b).

Plaintiff's FLSA claims are asserted as a collective action under Section 16(b) of the FLSA, 29 U.S.C. § 216(b). The following allegations are based on personal knowledge as to Plaintiff's own conduct and are made on information and belief as to the acts of others.

## I.
## OVERVIEW

1.  This is a collective action to recover overtime wages, liquidated damages, and other applicable penalties brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–19.

2. Plaintiff and the Putative Class Members are those similarly situated persons who have worked for Defendants as salaried Sales Representatives and Insurance Agents, anywhere in the United States, at any time during the relevant time period(s) and have not been paid overtime in violation of federal law.

3. Although Plaintiff and the Putative Class Members routinely worked (and continue to work) in excess of forty (40) hours per workweek, Plaintiff and the Putative Class Members were not paid overtime of at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek.

4. The decision by Defendants not to pay overtime compensation to Plaintiff and the Putative Class Members was neither reasonable nor in good faith.

5. Defendants knowingly and deliberately failed to compensate Plaintiff and the Putative Class Members overtime of at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek.

6. Plaintiff and the Putative Class Members did not (and currently do not) perform work that meets the definition of exempt work under the FLSA.

7. Defendants knowingly and deliberately misclassified Plaintiff and the Putative Class Members as exempt employees not entitled to overtime compensation.

8. Plaintiff and the Putative Class Members therefore seek to recover all unpaid wages, liquidated damages, and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b).

9. Plaintiff also prays that all similarly situated workers (Putative Class Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

## II.
## THE PARTIES

10. Plaintiff Tizano Brown ("Brown") was employed by Defendants in Lake Mary, Florida during the relevant time periods. Plaintiff Brown did not receive overtime compensation for all hours worked in excess of forty (40) hours per workweek.[1]

11. The FLSA Collective Members are those current and former salaried Sales Representatives and Insurance Agents who were employed by Defendants, anywhere in the United States, at any time from March 2, 2019 through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff worked and was paid.

12. Defendant Medicare Group USA, LLC is a domestic limited liability company, organized under the laws of the State of Ohio and may be served with process through its registered agent, **Andrew Rathman at 4487 Hickory Bark Ct, Cincinnati, Ohio, 45247.**

13. Defendant GOSTAT, LLC is a domestic limited liability company, organized under the laws of the State of Ohio and may be served with process through its registered agent, **Andrew Rathman at 9378 Mason Montgomery Road, Suite 238, Mason, Ohio, 45040**.

14. Defendants are joint employers pursuant to 29 C.F.R. § 791.2. They have common ownership, oversight and control over Plaintiff and the Putative Class Members. As a result, all Defendants are responsible, both individually and jointly, for compliance with all of the applicable provisions of the FLSA, including the overtime provisions, with respect to the entire employment for the workweeks at issue in this case.

## III.
## JURISDICTION & VENUE

15. This Court has federal question jurisdiction over the FLSA claims pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. §§ 201–19.

---

[1] The written consent of Tizano Brown is hereby attached as Exhibit "A."

16. This Court has personal jurisdiction over Defendants because Defendants' conduct within this District and Division.

17. Venue is proper in the Southern District of Ohio because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred

18. Specifically, MGU's corporate headquarters is located in West Chester, Butler County, Ohio, which is located within this District and Division.

19. Venue is therefore proper in this Court pursuant to 28 U.S.C. § 1391.

## IV.
## ADDITIONAL FACTS

20. Defendants operate throughout the United States providing insurance services to customers.

21. To provide its services, Defendants employ numerous salaried Sales Representatives and Insurance Agents —Plaintiff and the Putative Class Members—who assist Defendants clients' customers.

22. Plaintiff and the Putative Class Members' job duties generally consisted of answering phone calls made by Defendant's customers and assisting customers with purchasing health insurance plans.

23. Plaintiff and the Putative Class Members are similarly situated with respect to their job duties, their pay structure and, as set forth below, the policies of Defendants resulting in the complained of FLSA violations.

### Defendants are Joint Employers

24. Defendants are joint employers pursuant to 29 C.F.R. § 791.2.

25. Defendants are an integrated company that share customers, properties, employees, and all other assets.

26. Defendants share company executives and share the same registered agent, Andrew Rathman, who is also a shared executive of Defendants.

27. Defendants directly or indirectly hired Plaintiff and the Putative Class Members.

28. Defendants controlled Plaintiff and the Putative Class Members' work schedules and conditions of employment.

29. Defendants determined Plaintiff and the Putative Class Members' rate and method of payment of wages.

30. Defendants maintained control, oversight, and direction over Plaintiff and the Putative Class Members, including the promulgation and enforcement of policies affecting the payment of wages for compensation.

31. Specifically, both Defendants managed the Plaintiff and Putative Class Members while on site working, dictating how the Plaintiff and Putative Class Members were to perform their work.

32. Defendants mutually benefitted from the work performed by Plaintiff and the Putative Class Members.

33. Defendants did not act entirely independently of each other and have not been completely disassociated with respect to the work of Plaintiff and the Putative Class Members.

34. Defendants shared the services of Plaintiff and the Putative Class Members.

35. Defendants acted directly or indirectly in the interest of each other in relation to Plaintiff and the Putative Class Members.

36. Defendants had the power to hire and fire Plaintiff and the Putative Class Members.

37. Defendants maintained Plaintiff and the Putative Class Members' employment records.

38. As a result, all Defendants are responsible, both individually and jointly, for compliance with all of the applicable provisions of the FLSA, including the overtime provisions, with respect to the entire employment for the workweeks at issue in this case.

39. Plaintiff Brown was employed by Defendants as a salaried Insurance Agent in Florida since approximately November of 2021.

40. Plaintiff and the Putative Class Members worked long hours—specifically, Plaintiff and the Putative Class Members frequently worked in excess of forty (40) hours each week.

41. The FLSA mandates that overtime be paid at one and one-half times an employee's regular rate of pay for all hours worked over 40 each week.

42. Plaintiff and the Putative Class Members regularly worked in excess of forty (40) hours per week but never received overtime compensation.

43. Defendants denied Plaintiff and the Putative Class Members overtime pay as a result of a widely applicable, illegal pay practice.

44. Specifically, although Defendants classified Plaintiff and the Putative Class Members as exempt, Defendant paid them a salary that was less than $684.00 per week. *See* 29 C.F.R. § 541.

45. Because Plaintiff and the Putative Class Members were not paid a salary of at least $684.00 per week they did not qualify as overtime exempt employees.[2]

46. Defendant applied this pay practice despite clear and controlling law that states that the Plaintiff and the Putative Class Members were not paid the minimum salary basis to qualify as exempt from overtime under the FLSA.

47. Defendants' failure to pay Plaintiff and the Putative Class Members overtime compensation for all hours worked in excess of forty (40) hours each workweek violated (and continues to violate) the FLSA.

48. Defendants knew or should have known that its failure to pay overtime compensation to Plaintiff and the Putative Class Members was (and is) in violation of the FLSA. Because Defendants

---

[2] https://www.dol.gov/agencies/whd/fact-sheets/17g-overtime-salary.

did not pay Plaintiff and the Putative Class Members time and a half for all hours worked in excess of forty (40) in a workweek, Defendants' pay policies and practices willfully violate the FLSA.

## V.
## CAUSES OF ACTION

### A. FLSA COVERAGE

49. All previous paragraphs are incorporated as though fully set forth herein.

50. The FLSA Collective is defined as:

**ALL SALARIED SALES REPRESENTATIVES AND INSURANCE AGENTS WHO WERE EMPLOYED BY MEDICARE GROUP USA, LLC AND GOSTAT, LLC ANYWHERE IN THE UNITED STATES, AT ANY TIME FROM MARCH 3, 2019 THROUGH THE FINAL DISPOSITION OF THIS MATTER. ("FLSA Collective" or "FLSA Collective Members")**

51. At all times hereinafter mentioned, Defendants have been joint employers within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

52. At all times hereinafter mentioned, Defendants have been an enterprise within the meaning of Section3® of the FLSA, 29 U.S.C. § 203(r).

53. At all times hereinafter mentioned, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that that enterprise has had, and has, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

54. During the respective periods of Plaintiff and the FLSA Collective Members' employment by Defendants, these individuals have provided services for Defendants that involved interstate commerce for purposes of the FLSA.

55. In performing the operations hereinabove described Plaintiff and the FLSA Collective Members have been engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

56. Specifically, Plaintiff and the FLSA Collective Members are salaried sales representatives and insurance agents of Defendants who assisted Defendants' customers throughout the United States. 29 U.S.C. § 203(j).

57. At all times hereinafter mentioned, Plaintiff and the FLSA Collective Members have been individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206–07.

58. The proposed class of similarly situated employees, i.e., putative class members, sought to be certified pursuant to 29 U.S.C. § 216(b), is defined in Paragraph 50.

59. The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee and personnel records of Defendants.

**B.  FAILURE TO PAY WAGES AND OVERTIME UNDER THE FAIR LABOR STANDARDS ACT**

60. Defendants have violated provisions of Sections 6, 7 and 15 of the FLSA, 29 U.S.C. §§ 206–7, and 215(a)(2) by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such non-exempt employees for all hours worked in excess of forty (40) hours per week at rates at least one and one-half times the regular rates for which they were employed.

61. Plaintiff and the FLSA Collective Members have suffered damages and continue to suffer damages as a result of Defendants' acts or omissions as described herein; though Defendants

are in possession and control of necessary documents and information from which Plaintiff would be able to precisely calculate damages.

62. Moreover, Defendants knowingly, willfully, and with reckless disregard carried out their illegal pattern of failing to pay Plaintiff and other similarly situated employees for all hours worked and the proper amount of overtime compensation for all hours worked over forty (40) each week. 29 U.S.C. § 255(a).

63. Defendants knew or should have known their pay practices were in violation of the FLSA.

64. Defendants are a sophisticated party and employer, and therefore knew (or should have known) their pay policies were in violation of the FLSA.

65. Plaintiff and the FLSA Collective Members, on the other hand, are (and were) unsophisticated employees who trusted Defendants to pay them according to the law.

66. The decision and practice by Defendants to not pay for all hours worked and the proper amount of overtime for all hours worked over forty (40) each week was neither reasonable nor in good faith.

67. Accordingly, Plaintiff and the FLSA Collective Members are entitled to be paid for all hours worked and overtime wages for all hours worked in excess of forty (40) hours per workweek pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

C. **COLLECTIVE ACTION ALLEGATIONS**

68. All previous paragraphs are incorporated as though fully set forth herein.

69. Pursuant to 29 U.S.C. § 216(b), this is a collective action filed on behalf of all of Defendants' employees who have been similarly situated to Plaintiff with regard to the work they performed and the manner in which they were paid.

70. Other similarly situated employees of Defendants have been victimized by Defendants' patterns, practices, and policies, which are in willful violation of the FLSA.

71. The FLSA Collective Members are defined in Paragraph 50.

72. Defendants' failure to pay Plaintiff and the FLSA Collective Members for all hours worked and overtime compensation at the rates required by the FLSA, results from generally applicable policies and practices of Defendants, and does not depend on the personal circumstances of Plaintiff or the FLSA Collective Members.

73. Thus, Plaintiff's experiences are typical of the experiences of the FLSA Collective Members.

74. The specific job titles or precise job requirements of the various FLSA Collective Members do not prevent collective treatment.

75. All of the FLSA Collective Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be paid for all hours worked and at the proper overtime rate for all hours worked in excess of forty (40) hours per workweek.

76. Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

77. Absent a collective action, many members of the proposed FLSA collective likely will not obtain redress of their injuries and Defendants will retain the proceeds of their violations.

78. Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

79. Accordingly, the FLSA collective of similarly situated plaintiffs should be certified as defined as in Paragraph 50 and notice should be promptly sent.

## VI.
## RELIEF SOUGHT

80. Plaintiff respectfully prays for judgment against Defendants as follows:

    a. For an Order certifying the FLSA Collective as defined in Paragraph 50 and requiring Defendants to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all putative collective action members;

    b. For an Order approving the form and content of a notice to be sent to all putative FLSA Collective Members advising them of the pendency of this litigation and of their rights with respect thereto;

    c. For an Order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid back wages due to Plaintiff (and those FLSA Collective Members who have joined in the suit), and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those FLSA Collective Members who have joined in the suit);

    d. For an Order awarding costs and expenses of this action;

    e. For an Order awarding attorneys' fees;

    f. For an Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law;

    g. For an Order awarding Plaintiff a service award as permitted by law;

    h. For an Order compelling the accounting of the books and records of Defendants, at Defendant's own expense; and

    i. For an Order granting such other and further relief as may be necessary and appropriate.

Date: March 3, 2022                      Respectfully submitted,

                                          By:  */s/ Robert E. DeRose*
                                                    **Robert E. DeRose** (OH Bar No. 005214)
                                                    **Brian R. Noethlich** (OH Bar No. 0086933)

        **BARKAN MEIZLISH DEROSE COX, LLP**
        4200 Regent Street, Suite 210
        Columbus, Ohio 43219
        Telephone: (614) 221-4221
        Facsimile: (614) 744-2300
        Email: bderose@barkanmeizlish.com
            bnoethlich@barkanmeizlish.com

By:  */s/ Clif Alexander*
        **Clif Alexander** (application *pro hac vice* forthcoming*)*
        Texas Bar No. 24064805
        clif@a2xlaw.com
        **Austin W. Anderson** (application *pro hac vice* forthcoming)
        Texas Bar No. 24045189
        austin@a2xlaw.com
        **ANDERSON ALEXANDER, PLLC**
        819 N. Upper Broadway
        Corpus Christi, Texas 78401
        Telephone: (361) 452-1279
        Facsimile: (361) 452-1284

        ***Counsel for Plaintiff and the Putative Collective Members***